## BABY v. DUBOIS, in Error.

HELD, that a plea of alien enemy should be rejected on motion, if the nation in which the plaintiff is alleged to be resident be at peace with ours; treaties with foreign nations being a part of the law of the land, of which the Courts are bound to take notice.

BUNTIN
v.
DUCHANE.

Saturday,
May 17.

## BUNTIN and Another, v. DUCHANE.

*A.* having recovered in ejectment against *B.*, sued him for mesne profits and obtained judgment on demurrer. While that suit was pending, *B.* brought an ejectment against *A.* for the premises, and recovered. On *A.'s* executing his writ of inquiry, *B.* offered his judgment in evidence in mitigation of damages; but the record not showing the date of the demise, and that *B.'s* title had commenced before *A.'s* cause of action, it was considered inadmissible.

ERROR to the *Knox* Circuit Court.—Vide a statement of the proceedings in this case, previous to the execution of the writ of inquiry, ante, p. 56.

HOLMAN, J.—Trespass for mesne profits by *Duchane* against *Buntin* and *Dubois.* The action was commenced in *April,* 1819. A writ of inquiry was awarded, on the execution of which the defendants offered in evidence, in mitigation of damages, the record of a judgment entered at *May* term, 1820, in an action of ejectment, wherein the defendants recovered the same premises of the plaintiff. The Circuit Court rejected the testimony, and the plaintiff had judgment. This judgment must be affirmed. The record offered in evidence does not show when the demise was laid, nor from what time the defendants claimed the premises. From all that appears, their title may have commenced subsequently to the present cause of action; therefore, their recovery cannot affect *Duchane's* claim to damages, either in law or equity. *Benson et al.* v. *Matsdorf,* 2 Johns. R. 369, would support a much weaker case than this. The evidence was properly rejected.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Tabbs,* for the plaintiffs.
*Dewey,* for the defendant.